UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RHEA RENEE RENCH-SCHRUM,    )
   )
        Plaintiff,    )   Case No. 1:09-cv-949
   )
v.    )
   )   Honorable Robert Holmes Bell
COMMISSIONER OF    )
SOCIAL SECURITY,    )
   )   **REPORT AND RECOMMENDATION**
        Defendant.    )
_____)

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security. Plaintiff filed her application for disability insurance (DIB) benefits on June 12, 2006. She claims a February 7, 2000 onset of disability. (A.R. 99-101). Her disability insured status expired on December 31, 2005. Thus, it was plaintiff's burden to submit evidence demonstrating that she was disabled on or before December 31, 2005. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claim for DIB benefits was denied on initial review. (A.R. 63-67). On November 18, 2008, plaintiff received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 16-62). On February 9, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 10-15). On August 28, 2009, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

On October 15, 2009, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. She raises the following issues:

1.	Whether the ALJ erred as a matter of law in finding that she was not disabled at step 2 of the sequential analysis;

2.	Whether the ALJ erred as matter of law by giving inadequate weight to the opinions of plaintiff's treating orthopaedic surgeon; and

3.	Whether the ALJ erred as a matter of law by failing to consider evidence filed after plaintiff's administrative hearing.

(Plf. Brief at 1-2, Statement of Issues, docket # 8). Upon review, I find that there is not substantial evidence supporting the ALJ's finding that plaintiff lacked a severe impairment; therefore, the ALJ committed reversible error when he denied plaintiff's application for DIB benefits at step 2 of the sequential analysis[1]. Accordingly, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner for further administrative proceedings.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*,

---

[1]"Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009); *see Lindsley v. Commissioner*, 560 F.3d 601, 602-03 (6th Cir. 2009).

245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).

Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402

U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The

court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility

determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331

(6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial

evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d

830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely

because there exists in the record substantial evidence to support a different conclusion. . . . This

is so because there is a 'zone of choice' within which the Commissioner can act without fear of court

interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the

[Commissioner's] determination must stand regardless of whether the reviewing court would resolve

the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see*

*Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the

position of the ALJ -- would have decided the matter differently than the ALJ did, and even if

substantial evidence also would have supported a finding other than the one the ALJ made, the

district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned

if substantial evidence, or even a preponderance of the evidence supports the claimant's position,

so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v.*

*Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390

(6th Cir. 2004).

**Discussion**

Plaintiff met the disability insured requirement of the Social Security Act on February 7, 2000, and continued to meet the requirement through December 31, 2005, but not thereafter. (A.R. 12). Plaintiff had not engaged in substantial gainful activity on or after February 7, 2000. (A.R. 12). The ALJ found that plaintiff's scoliosis was a medically determinable impairment, but concluded that it was not a severe impairment and held that plaintiff was not disabled at step 2 of the sequential analysis. (A.R.14-15).

Plaintiff has idiopathic scoliosis. She had Harrington rods surgically implanted in 1997. Her spine is fused from T5 through T12. (A.R. 206). Before her date last disability insured, plaintiff required treatment with prescription medications for the pain caused by her spinal impairment. (A.R. 178, 180, 195, 206-08). Severity is a *de minimis* hurdle in the disability determination process. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Murphy v. Secretary of Health & Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1998); *Salmi v. Secretary of Health & Human Servs.*, 774 F.2d 685, 690-92 (6th Cir. 1985); *Farris v. Secretary of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985). "Under the prevailing *de minimis* view, an impairment can be construed not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs*, 880 F.2d at 862. Plaintiff's scoliosis easily exceeds this *de minimis* threshold. It cannot possibly be deemed a "slight abnormality" that only minimally affects plaintiff's ability to work. It is therefore necessary for the ALJ to continue the sequential analysis, recognizing plaintiff's scoliosis as a severe impairment.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be

vacated and that the matter be remanded to the Commissioner for further administrative proceedings.


Dated:   July 22, 2010                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).